UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER OXLEY (#451267)

VERSUS

N. BURL CAIN, ET AL

CIVIL ACTION

NUMBER 11-669-JJB-SCR

### RULING

This matter is before the court on the petitioner's Motion for Relief From Judgment and Order Pursuant to Fed. Rules Civil Procedure; Rule 60(b). Record document number 16.

### I. Procedural History

#### A. State Court Proceedings

Petitioner was found guilty of one count armed robbery in the Twenty-first Judicial District Court for the Parish of Livingston on September 13, 2001.

Petitioner's conviction was affirmed on appeal but his sentence was vacated and the matter was remanded for re-sentencing. *State of Louisiana v. Christopher Oxley*, 2002-1506 (La. App. 1st Cir. 5/9/03); 844 So.2d 420. Petitioner sought supervisory review by the Louisiana Supreme Court. The Louisiana Supreme Court denied review. *State v. Christopher D. Oxley*, 2004-2161 (La. 1/14/05); 889 So.2d 265. Petitioner sought review by the United States Supreme Court. The United States Supreme Court denied review on June 20, 2005. *Christopher D. Oxley v. Louisiana*, 545 U.S. 1128,

125 S.Ct. 2940 (2005).

On January 11, 2007, the petitioner filed an application for post-conviction relief ("PCRA") in the trial court arguing that he was denied effective assistance of counsel, the sentence imposed was constitutionally excessive, and other crimes evidence was improperly introduced. The trial court denied the PCRA on April 19, 2010. Petitioner did sought review in the Louisiana Court of Appeal for the First Circuit which denied review on the showing made on September 27, 2010. Petitioner did not seek review by the Louisiana Supreme Court.

B. Federal Court Proceedings

Petitioner filed his federal habeas corpus application on September 28, 2011.

On May 4, 2012, a magistrate judge's report was submitted to the district judge recommending that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).[1]

On May 7, 2012, the district judge adopted the magistrate judge's report as the court's opinion and entered judgment.[2]

Petitioner did not file a Notice of Appeal.

---

[1] Record document number 10.

[2] Record document numbers 13 and 14, respectively. Although the ruling and order of dismissal were signed on May 7, 2012, the ruling and order of dismissal were not entered on the record until June 7, 2012.

2

Petitioner is now before this court seeking relief from judgment dismissing his petition for the issuance of a writ of habeas corpus.

## II. Applicable Law and Analysis

### A. Successive Petition?

Initially, the court must determine whether it has jurisdiction to rule on the petitioner's Rule 60 motion.

In *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641 (2005), the Supreme Court stated that a Rule 60(b) motion does not contain a habeas "claim," and thus should not be construed as a successive petition, when the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*. at 532, 125 S.Ct. at 2648 (footnote omitted). Specifically, the Court held that the petitioner does not make a "habeas corpus claim ... when he merely asserts that a previous ruling which precludes a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at 532 n. 4, 125 S.Ct. at 2648 n. 4.

In his Rule 60(b) motion, the petitioner challenged this court's prior determination that his § 2254 application was not timely filed. Therefore, the petitioner's Rule 60(b) motion is not to be construed as an improper successive habeas petition and is properly before this court.

3

Case 3:11-cv-00669-JJB-SCR    Document 17    09/17/13   Page 3 of 5

## B. Rule 60(b)

Petitioner argued that he is entitled to relief from judgment pursuant to Rule 60(b) on grounds that retained PCRA counsel unduly delayed filing his application for state post-conviction relief and as a result, by the time he filed his federal habeas corpus petition the limitations period had elapsed rendering his federal habeas corpus application untimely.

Rule 60(b), Fed.R.Civ.P. permits the district court to relieve a party from the effect of a final judgment for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, release, satisfaction, and any other reason that justifies such disposition. The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief. *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985).

A Rule 60(b) motion based on mistake, inadvertence or excusable neglect must be filed within one year of the entry of the judgment or order. Rule 60(c). To the extent the petitioner's motion was based on mistake, inadvertence or excusable neglect, the motion is untimely because it was filed more than one year after entry of the judgment.

To the extent the petitioner's motion might fall under Rule 60(b)(6), which requires a showing of extraordinary circumstances, the petitioner's argument fails. As previously indicated, the

4

petitioner's § 2254 application was dismissed as untimely pursuant to 28 U.S.C. § 2244(d), not on procedural default grounds. As such, the decision in *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309 (2012) which held that where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas corpus court from hearing a substantial claim of ineffective assistance at trial, is inapplicable.

Petitioner has failed to satisfy the prerequisites necessary to be relieved from judgment.

Accordingly, the petitioner's Motion for Relief From Judgment and Order Pursuant to Fed. Rules Civil Procedure; Rule 60(b) is denied.

Baton Rouge, Louisiana, September 17th, 2013.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE