UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER OXLEY (#451267)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 11-669-JJB-SCR

**RULING**

This matter is before the court on the petitioner's Motion for
Relief From Judgment Pursuant to Federal Rule 60(d)(2); 28 U.S.C.
§ 1655.  Record document number 20.

**I. Procedural History**

**A. State Court Proceedings**

Petitioner was found guilty of one count armed robbery in the
Twenty-first Judicial District Court for the Parish of Livingston
on September 13, 2001.

Petitioner's conviction was affirmed on appeal but his
sentence was vacated and the matter was remanded for re-sentencing.
*State of Louisiana v. Christopher Oxley*, 2002-1506 (La. App. 1st
Cir. 5/9/03); 844 So.2d 420.  Petitioner sought supervisory review
by the Louisiana Supreme Court.  The Louisiana Supreme Court denied
review.  *State v. Christopher D. Oxley*, 2004-2161 (La. 1/14/05);
889 So.2d 265.  Petitioner sought review by the United States
Supreme Court.  The United States Supreme Court denied review on
June 20, 2005.  *Christopher D. Oxley v. Louisiana*, 545 U.S. 1128,
125 S.Ct. 2940 (2005).

On January 11, 2007, the petitioner filed an application for post-conviction relief ("PCRA") in the trial court arguing that he was denied effective assistance of counsel, the sentence imposed was constitutionally excessive, and other crimes evidence was improperly introduced. The trial court denied the PCRA on April 19, 2010. Petitioner sought review in the Louisiana Court of Appeal for the First Circuit which denied review on the showing made on September 27, 2010. Petitioner did not seek review by the Louisiana Supreme Court.

**B. Federal Court Proceedings**

Petitioner filed his federal habeas corpus application on September 28, 2011.

On May 4, 2012, a magistrate judge's report was submitted to the district judge recommending that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).[1]

On May 7, 2012, the district judge adopted the magistrate judge's report as the court's opinion and entered judgment.[2]

Petitioner did not file a Notice of Appeal.

On July 3, 2013, the petitioner filed a Motion for Relief From Judgment and Order Pursuant to Fed. Rules Civil Procedure; Rule

---

[1] Record document number 10.

[2] Record document numbers 13 and 14, respectively. Although the ruling and order of dismissal were signed on May 7, 2012, the ruling and order of dismissal were not entered on the record until June 7, 2012.

2

60(b).[3]  Petitioner argued that he was entitled to relief from judgment pursuant to Rule 60(b) on grounds that retained PCRA counsel unduly delayed filing his application for state post-conviction relief. Petitioner argued that as a result, by the time he filed his federal habeas corpus petition the limitations period had elapsed rendering his federal habeas corpus application untimely. On September 17, 2013, judgment was entered denying the petitioner's Motion for Relief From Judgment and Order Pursuant to Fed. Rules Civil Procedure; Rule 60(b).[4]

Petitioner is now before the court seeking relief from judgment dismissing his petition for the issuance of a writ of habeas corpus pursuant to Rule 60(d)(2), Fed.R.Civ.P.

For the reasons which follow, the petitioner's motion for relief from judgment pursuant to Rule 60(d)(2), Fed.R.Civ.P., is denied.

## II. Applicable Law and Analysis

### A. Successive Petition?

Initially, the court must determine whether it has jurisdiction to rule on the petitioner's Rule 60 motion.

In *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641 (2005), the Supreme Court stated that a Rule 60(b) motion does not contain a habeas "claim," and thus should not be construed as a successive

_____

[3] Record document number 16.

[4] Record document number 18.

3

petition, when the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532, 125 S.Ct. at 2648 (footnote omitted). Specifically, the Court held that the petitioner does not make a "habeas corpus claim ... when he merely asserts that a previous ruling which precludes a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n. 4, 125 S.Ct. at 2648 n. 4.

In his Rule 60(d)(2) motion, the petitioner challenged this court's prior determination that his § 2254 application was not timely filed. Therefore, the petitioner's Rule 60(d)(2) motion is not to be construed as an improper successive habeas petition and is properly before this court.

### B. Rule 60(d)(2)

Petitioner argued that he is entitled to relief from judgment pursuant to Rule 60(d)(2) on grounds that retained PCRA counsel failed to personally notify him that he did not file his PCRA. Petitioner argued that as a result the filing of his PCRA was unduly delayed and by the time he filed his federal habeas corpus petition the limitations period had elapsed rendering his federal habeas corpus application untimely.

Rule 60(d)(2), Fed.R.Civ.P. states that "[Rule 60] does not limit a court's power to ... grant relief under 28 U.S.C. § 1655 to

4

a defendant who was not personally notified of the action." The petitioner's reliance on Rule 60(d)(2) is misplaced. Rule 60(d)(2) incorporates by reference 28 U.S.C. § 1655, which, in turn, concerns actions "to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property." *See* 28 U.S.C. § 1655. The petitioner's claim does not involve the types of action referenced in 28 U.S.C. § 1655. Therefore, Rule 60(d)(2) does not afford him an avenue of relief from this court's original judgment.

Accordingly, the petitioner's Motion for Relief From Judgment Pursuant to Federal Rule 60(d)(2); 28 U.S.C. § 1655. is denied.

Baton Rouge, Louisiana, October 15th, 2013.

 

---

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

Case 3:11-cv-00669-JJB-SCR   Document 21   10/15/13   Page 5 of 5